IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES D. VILLACRES,

    Plaintiff,                     No. CIV S-08-1629 DAD P

    vs.

D.K. SISTO, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A claim should be dismissed for failure to state a claim upon which relief may be
9  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
10 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
11 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
12 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
13 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
14 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
15 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
16 411, 421 (1969).

17   In his complaint, plaintiff alleges that he was adversely transferred from
18 California State Prison - Avenal (CSP-Avenal) to California State Prison - Solano (CSP-Solano),
19 and that he was not allowed to have all of his personal property transferred to CSP-Solano.
20 Plaintiff seeks monetary damages and the return of his personal property.  Although in the
21 caption of his complaint, plaintiff has named Warden Sisto of the California State Prison -
22 Solano as the sole defendant in the action, in his complaint he names Warden Powers of CSP-
23 Avenal and two correctional employees at CSP-Avenal as defendants.  To the extent that plaintiff
24 intends to proceed with an action against defendant Sisto, he has failed to provide any factual
25 allegations describing defendant Sisto's involvement in the alleged violation of plaintiff's rights.
26 The court will dismiss the complaint and grant plaintiff leave to file an amended complaint to

clarify any claims he seeks to bring against defendant Sisto or other employees at CSP-Solano. The court will also defer ruling on plaintiff's application to proceed in forma pauperis. Plaintiff is advised that if he intends to proceed with claims against defendant Powers or other employees at CSP-Avenal, he must file a new action with the Fresno Division of the U.S. District Court for the Eastern District of California.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2   docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must
3   use the form complaint provided by the court; failure to file an amended complaint in accordance
4   with this order will result in a recommendation that this action be dismissed without prejudice.
5              3.  The Clerk of the Court is directed to provide plaintiff with the court's form
6   complaint for a § 1983 action.
7   DATED: September 23, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vill1629.14